COLE, Judge.
This matter involves a default judgment entered by the Twenty-First Judicial District Court for the Parish of Livingston which was later annulled.
On or about October 7, 1974, one of the plaintiffs, Larry Evans, sold to Sam Ivy, Lot 3 of Block 2 of the J. W. Noblet Subdivision which is located in Section Forty-Five (45), Township Six (6) South, Range Three (3) East, Livingston Parish, Louisiana.
On January 16,1978, Evans and his mother, Josie Mae Edward, filed suit against Ivy and Jessie E. Edward for rescission of that sale on the ground of lesion beyond moity and fraud. Jessie E. Edward is the former husband of Josie Mae Edward.
Haydn S. Berey, an attorney practicing within the Parish of Livingston, was appointed curator ad hoc to represent Ivy, who was a resident of the state of Mississippi. Edward, who was domiciled in this state, was not served.
There having been no opposition made by Ivy, on June 20,1978 the plaintiffs took the matter up as a confirmation of a preliminary default as to that defendant only and judgment was granted rescinding the sale.
On August 2,1978, the defendants filed a motion to set aside that judgment which they alleged was rendered due to error. A hearing was later had and judgment was subsequently rendered in favor of the defendants ordering that the first judgment, which had rescinded the sale, be annulled. The plaintiffs have appealed the latest judgment. We affirm.
The record clearly indicates the original judgment entered was granted due to a clerical omission on the part of the curator ad hoc. At the original hearing, the curator related the work he had done in connection with his appointment and testified he wrote a letter notifying Ivy of the litigation and Ivy thereafter contacted him in connection with that letter and they discussed the case. Berey had no further contact with Ivy and was not retained by him.
It later became evident, however, that the defendants had retained as their attorney, Allen B. Pierson. Pierson had a telephone conversation with the curator relative to his representation and the two attorneys agreed that Berey would notify Pier-son if there was any effort on the part of the plaintiffs to obtain judgment.
The curator failed to make a notation of the call in his file and had forgotten it when his testimony was originally taken. He later specifically remembered it when it was called to his attention by Pierson. The defendant, Edward, was present in Pier-son’s office when calls were made to Berey.
Actions for nullity of judgments are provided for by Code of Civil Procedure Articles 2001, et seq. Article 2004 provides:
“A final judgment obtained by fraud or ill practices may be annulled.
“An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.”
The term “ill practices” was expanded upon in Succession of Trouard, 281 So.2d 863 (La.App.3d Cir. 1973), as follows:
“. . . A judgment may be annulled on the ground of ‘ill practices,’ even though no actual fraud or intentional wrong has been committed in the procurement of the judgment, if it is shown that the enforcement of the judgment would be unconscionable and inequitable and would deprive the litigant who seeks the annulment of legal rights to which he is entitled. Leidig v. Leidig, 187 So.2d 201 (La.App.3d Cir. 1966).”
See also White v. Exxon Corp., 354 So.2d 1085 (La.App.2d Cir. 1978).
*628 We are reluctant to characterize the events which occurred here as “ill practices,” as they amount to nothing more than an oversight on the part of the curator ad hoc. However, in a limited sense, we find the provisions of Article 2004 must be applied here, as it is obvious that had the district judge been apprised of the representation by Pierson and the understanding between the curator and Pierson he would not have rendered a judgment by default against Ivy.
The recent decision of this court in Verdin v. Unico, Inc., 366 So.2d 1007 (La.App. 1st Cir. 1978), which is relied upon by appellant, is inapplicable here as appellee has established a valid and sufficient explanation for its failure to plead and defend this suit prior to the original judgment.
The judgment of the district court is affirmed. All appellate costs are to be paid by appellants.
AFFIRMED.