PONDER, Judge.
Plaintiff appealed from a judgment sustaining an exception of no cause of action to his petition for nullity of a prior judgment.
The issue is whether plaintiff’s petition for nullity states a cause of action for nullity, either absolute or relative.
We reverse and remand.
Plaintiff filed a suit in redhibition against defendant, Polk Chevrolet, Inc. The trial court granted a directed verdict in favor of defendant. This court reversed and remanded. Webb v. Polk Chevrolet, Inc., 387 So.2d 1240 (1st Cir. 1980), writs denied 390 So.2d 1344 (La.1980).
A new trial was scheduled for February 12 and 13, 1981. When defendant refused to answer interrogatories prior to trial, plaintiff filed a “Notice of Intent to Apply for Writ(s) of Certiorari, Mandamus and/or Prohibition and For Stay of Proceedings During Pendency of Application”. Plaintiff obtained an order on January 5,1981, which provided:
“.... all trial court proceedings herein are hereby stayed until further ordered by the court.”
After this court denied the application for writs on January 12, 1981, plaintiff applied for writs to the Supreme Court; these were denied on February 20, 1981 on a technicality. Upon reapplication, however, the Supreme Court granted the writ and on March 20, 1981, ordered the defendant to answer the interrogatories.
Meanwhile, on February 12,1981, the trial court had proceeded with the trial, in plaintiff’s absence, and had rendered judgment for the defendant.
*404 Plaintiff filed a petition for nullity in the same suit as the redhibition action, praying for citation. Defendant answered and filed an exception of no cause of action. The trial court sustained the exception on the ground that the petition was a collateral attack on the redhibition judgment. Plaintiff appealed.
Plaintiff argues that causes of action of both an absolute nullity and a relative nullity were stated in his petition.
La.C.C.P. Art. 2002 declares that those judgments are absolutely null which are rendered 1) against an incompetent not properly represented; 2) against a defendant who has not been served with process or against whom a valid default judgment has not been taken; or 3) by a court without subject matter jurisdiction to state a cause of action for an absolute nullity. These grounds are exclusive. Warner v. Garrett, 268 So.2d 92 (1st Cir.), writ denied 263 La. 987, 270 So.2d 123 (1972). Plaintiffs petition does not state a cause of action for absolute nullity.[1]
To state a cause of action for a relative nullity, plaintiff must show that the judgment was obtained by fraud or ill practices. La.C.C.P. Art. 2004.[2] The term “ill practices” has been liberally interpreted so as to cover a situation where no intentional wrong has been committed, but the enforcement of the judgment would be unconscionable. Evans v. Ivy, 387 So.2d 626 (1st Cir. 1980). A relative nullity may be raised only by a direct action. Pontchartrain Park Homes, Inc. v. Sewerage and Water Board of New Orleans, 246 La. 893, 168 So.2d 595 (1964).
The exception of no cause of action raises the question of whether the law affords any remedy under the allegations of plaintiff’s petition. Johnson v. Edmonston, 383 So.2d 1277 (1st Cir. 1980). Although the petition in the present case does not specifically allege that the judgment was obtained by fraud or ill practices, it does allege facts which, if proved, might be sufficient to justify relief. Sterling v. Jones, 255 La. 842, 233 So.2d 537 (1970).
Defendant contends that plaintiff’s petition fails to state a cause of action because it was filed in the same proceeding as the judgment which it attacks, making it a collateral attack upon that judgment.
We find no merit in that contention. The only defect defendant complains of is the filing in the suit record of the redhibition suit and with the same number. We can find no real reason to require the filing of a new suit with a new number.[3] In Nethken v. Nethken, 307 So.2d 563 (La.1975) in the following quotations from page 565, the Supreme Court defined direct and collateral actions.
“By a direct action is meant that the party praying for the nullity of a judgment, before the court which has rendered same, must bring his action by means of a petition; and the adverse party must be cited to appear, as in ordinary suits. ****’’
“A collateral attack, on the other hand, is defined as an attempt to impeach the decree in a proceeding not instituted for the express purpose of annulling it.”
*405 For these reasons, the trial court judgment is reversed and the suit is remanded to the trial court for proceedings consistent with the above findings. Costs of this appeal are assessed to the defendant.
REVERSED AND REMANDED.

. The objection was evidently raised by an exception of improper cumulation of actions in LeGlue Buick, Inc. v. Smith, 390 So.2d 262 (3d Cir. 1980).

. La.C.C.P. Art. 2004:
“A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.”

. As an interesting aside the rules of court of The Nineteenth Judicial District require that it be assigned the same number and be treated as a part of the original suit:
“Suits or proceedings not in their nature original, but growing out of suits or proceedings previously pending, such as actions of nullity of judgment, or to restrain or regulate the execution of process, mesne or final, in suits previously pending, shall not be docketed as separate suits, but shall be treated as parts of the original suits out of which they arise, shall be docketed and numbered as parts of such suits, and shall follow the prior allotment or assignment to the respective Divisions of the Court.”