499 So.2d 607 (1986)
Jerrye BARRE
v.
Roland J. ST. MARTIN, Malcolm J. Falgoust, and John Howard Falgoust, Jr.
No. 86-CA-405.
Court of Appeal of Louisiana, Fifth Circuit.
December 8, 1986.
Rehearing Denied January 16, 1987.
Writ Denied March 13, 1987.
*608 L. Kevin Coleman, Attorney at Law, New Orleans.
William D. O'Regan, III, LaPlace.
Before BOWES, GRISBAUM and WICKER, JJ.
WICKER, Judge.
This appeal arises from a judgment dismissing plaintiff's, Jerry Barre's (Barre) suit against the defendants, Roland St. Martin (St. Martin), attorney-at-law; Malcolm J. Falgoust, and John Howard Falgoust, Jr. The trial judge dismissed Barre's suit after sustaining the exception of prescription filed on behalf of St. Martin.
Barre appeals the dismissal as well as a denial of an in forma pauperis request for a trial by jury.
In addition, St. Martin has answered the appeal. He contends that the trial judge's silence in the judgment of dismissal with regard to ruling on an exception of no cause of action is tantamount to a denial of his exception.
We reverse the dismissal of the suit on the grounds of prescription and remand. Additionally, we reverse the denial of the in forma pauperis request for a trial by jury. We also find that the trial judge made no ruling regarding an exception of no cause of action; however, we note that plaintiff has stated a cause of action.
Appellant has assigned the following specifications of error:
1. That the trial judge erred in maintaining the exception of prescription brought by St. Martin since the prescriptive period is ten years. Alternatively, even if the prescriptive period of one year applies, the suit was timely filed, and
2. That the trial court erred in denying Barre an in forma pauperis trial by jury.

PRESCRIPTION
The seminal issue in the instant case concerns the date on which prescription started to run on Barre's claim for legal malpractice. The Louisiana Supreme Court in Rayne State Bank & Trust Company v. National Union Fire Insurance Company, 483 So.2d 987, 995 (La.1986) has recently settled this issue and has held that "[i]n Louisiana prescription does not begin to run until damage is sustained."
Moreover, in explaining when "damage was sustained", the Rayne court at 996 reasoned that it:
... is of course not a determination on the merits that damage was indeed sustained... It is simply a determination that plaintiff sustained damage sufficient to support accrual of a cause of action against the defendants, and it is *609 from this point that the prescriptive period begins to run.
In her petition Barre alleges that she was evicted from the house which was situated on the auctioned property. Therefore, she has alleged not only a loss in her interest in the property but also in having a place to live. Accordingly, she asserts that she sustained damages arising from the date of the auction. Barre did not sustain the alleged damages until August 6, 1980 when the property was auctioned and she lost her interest in the immovable property.
Barre's petition was filed on August 6, 1981. It was therefore filed within one year from the time at which prescription began to run. Rayne, supra.
The Rayne court did not resolve the issue of whether a one-year or a ten-year prescriptive period was applicable to that case. The court noted that "[b]ecause we find that plaintiff's suit is not barred by the running of the lesser prescriptive period of one year, the applicability of the ten year prescriptive period for contractual actions in this case is not an issue before this court [footnote omitted]." 483 So.2d 987 at 993.
Similarly, we need not address appellant's contention that the ten-year prescriptive period applies to this action. Her suit was timely filed in any event.

IN FORMA PAUPERIS REQUEST FOR TRIAL BY JURY
On December 19, 1985 Barre was permitted to proceed in forma pauperis. On January 14, 1986, one day after St. Martin filed an answer, Barre petitioned the court for a jury trial without the necessity of posting bond or the prepayment of costs. The trial judge denied the request. Her request was timely in accordance with L.S.A.-C.C.P. Article 1733(C) which provides in pertinent part that "[t]he pleading demanding a trial by jury shall be filed not later than ten days after either the service of the last pleading directed to any issue triable by a jury".
Generally, a judgment such as the denial of an in forma pauperis jury trial, which does not dispose of the merits is a nonappealable interlocutory judgment. L.S.A.-C.C.P. Art. 2083; River Cities Construction Company, Inc. v. Barnard Burk, Inc., 444 So.2d 1260 (La.App. 1st Cir.1983), writ denied 446 So.2d 1223, 1226 (La.1984).
However, the Louisiana Supreme Court has held that:
"[t]here is irreparable injury in the context of La.C.C.P. Art. 2083 where the error sought to be corrected on the appeal from the interlocutory judgment cannot, as a practical matter, be corrected later on appeal after trial on the merits. Herlitz Construction Co. v. New Iberia Hotel Corp., 396 So.2d 878 (La.1981)." Brown v. New Orleans Public Service, Inc., 490 So.2d 271 (La.1986) at 272.
Additionally, the third circuit has enunciated a standard for determining the appealability of the denial of a trial by jury in Bernard v. Allstate Insurance Co., 396 So.2d 548 (La.App. 3rd Cir.1981) as follows: "A party appealing from an interlocutory judgment of the trial court denying it a trial by jury must show that it is clearly entitled to such under the appropriate statute." 396 So.2d 548 at 551.
We adopt this test and that enunciated in Brown, supra and find that the denial of the jury trial in this instance is appealable.
L.S.A.-C.C.P. Article 5185 provides for the rights of a party who is permitted to litigate without the payment of costs. One of these rights is "The right to a trial by jury, and to services of jurors, when allowed by law and applied for timely."
L.S.A.-C.C.P. Art. 5185.
Furthermore,
[t]he right of a litigant to a jury trial is fundamental in character and the courts will indulge every presumption against a waiver, loss or forfeiture. Brewer v. Loewer, 383 So.2d 1325 (La.App. 3rd Cir. 1980), writ denied, 391 So.2d 456 (La. 1980). Dobson v. Aetna Casualty and Surety Company, 484 So.2d 976 (La. App. 3rd Cir.1986) at 983.
*610 We find that there is no motion to traverse the in forma pauperis proceeding. Thus, when the trial judge denied the in forma pauperis request for a jury he in effect rescinded his earlier order allowing Barre to proceed in form a pauperis without any rule to traverse being filed by opposing counsel.
Since her request for a jury trial was timely the trial judge was in error to rescind the in forma pauperis order. We therefore reverse his denial of the in forma pauperis request for a jury trial and remand the case back to the district court for further proceedings in accordance with law.

NO CAUSE OF ACTION
St. Martin, in his answer to the appeal contends that when he argued his exception of prescription on February 5, 1986, the trial court had before it the exception of no cause of action as well. Therefore, he asserts that although the judgment of February 12, 1986 is silent with regard to the exception of no cause of action, that the trial court's silence constitutes a denial.
Our review of the record indicates that St. Martin filed the peremptory exception of prescription on January 13, 1986. This exception was set to be heard on February 5, 1986. In his memorandum in support of his exception of prescription, St. Martin addresses the alleged failure of the petition to state a cause of action.[1]
In his judgment of February 12, 1986, the trial judge specifically states that "[t]his matter came on for hearing on February 5, 1986, on the Peremptory Exception filed herein by Roland J. St. Martin." In addition, he only rendered judgment on the exception of prescription when he stated that: "IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of exceptor, Roland J. St. Martin, and against respondent, Jerrye [sic] Barre, maintaining the Peremptory Exception of Prescription and dismissing plaintiff's demand at her costs."
At the hearing on February 5, 1986 counsel for St. Martin stated that he had filed an exception of prescription. During his argument on the prescription issue, he stated that "I feel that it is my duty and responsibility to the court and my client to reurge the exception of no cause of action, which I previously filed."
On the other hand, counsel for Barre stated at the hearing that "As far as the no cause of action, I have not received another exception and I understand that my opponent wants to raise it again, and I believe it has already been argued." Thus, counsel for Barre did not receive proper notice of the exception; nor was the exception of no cause of action set to be heard on the date for the exception of prescription.
The trial judge made no comment at the hearing as to whether he would rule on the exception of no cause of action. He evidently concluded that the matter was not before him.
We find from the record and the hearing that the exception of no cause of action had not been set to be heard on February 5, 1986. We further find from the judgment of February 12, 1986 that the trial judge only ruled on the exception of prescription. We therefore remand the exception of no cause of action to the trial court after it has been duly set.
Furthermore, for the reasons set forth the order denying Barre's right to an in forma pauperis jury trial is reversed. Moreover, the judgment of the trial court sustaining the peremptory exception of prescription filed by St. Martin is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion, the allocation of costs to await the outcome of that litigation.
REVERSED AND REMANDED.
NOTES
[1] St. Martin and the other two defendants had previously filed an exception of no cause of action on October 1, 1981 which was set for hearing along with their exception of vagueness. On October 23, 1985 the trial judge ruled on the exception of vagueness but failed to rule on the exception of no cause of action.