526 So.2d 447 (1988)
Alexander WASHINGTON
v.
LEE TRACTOR COMPANY, INC.
No. 88-CA-5.
Court of Appeal of Louisiana, Fifth Circuit.
May 16, 1988.
Mark C. Surprenant, A. Kirk Gasperecz, Adams and Reese, New Orleans, for defendant-appellant.
John H. Musser, IV, New Orleans, for plaintiff-appellee.
Before BOWES, GAUDIN and GRISBAUM, JJ.
BOWES, Judge.
Appellant, Lee Tractor Co. (hereinafter Lee) appeals a judgment of the trial court annulling and vacating a prior judgment in *448 favor of Lee. We correct and revise the judgment and, as revised, affirm.
Appellee, Alexander Washington (hereinafter Washington), filed a suit in state court on July 22, 1984 for personal injuries sustained when he fell from a tractor sold by Lee to Washington's employer. Another lawsuit arising out of the same incident was filed in federal court by Washington against Ford Motor Company, the manufacturer of the tractor. On March 12, 1985, Lee filed a motion for summary judgment in its favor; at the trial of the motion, an affidavit of the president of Lee established that Lee had not sold the tractor in question. Summary judgment in favor of Lee was granted on May 17, 1985, without reasons for judgment.
On June 17, 1985, Mark Surprenant, counsel for Lee properly and ethically, informed Mary Howell, counsel for Washington, by letter that information had been discovered by his client which negated the affidavit and showed it to be falsean invoice evidencing the sale from Lee to Washington's employer had been located. In that letter, Mr. Surprenant, offered to have the summary judgment rescinded. On August 5, 1985, Ms. Howell wrote to Mr. Surprenant accepting the offer to have the lawsuit reinstated.
Sometime after that (there is some dispute as to whether it was September or October of 1985), Ms. Howell informed Mr. Surprenant that the federal lawsuit had been dismissed and that she did not intend to pursue the state court case. Thereafter, Mr. Surprenant testified, he simply closed his file and heard nothing further about the matter until June 3, 1986.
At that time, new counsel for Washington, John H. Musser, IV, advised Mr. Surprenant (by telephone) to go forward with his agreement to rescind the summary judgment. Mr. Surprenant responded by letter dated that same day, June 3rd, that he would oppose any attempt to reopen the suit and advised counsel of the prior decision of Ms. Howell, Lee's former counsel, regarding the status of the suit against Lee and his decision to close his file following receipt of that information. Washington, through his new counsel, then filed a petition to annul the summary judgment on August 22, 1986. To this petition, Mr. Surprenant, as attorney for Lee, filed an exception of prescription and then an answer. Following a trial on the merits, the district court overruled the exception of prescription and annulled the summary judgment of May 17, 1985. Lee has appealed this action of the trial court annulling the summary judgment.
On appeal, Lee argues that the trial court erred in failing to find that the one year peremptive period had lapsed prior to August 22, 1986, the time when the petition to annul was filed; and that the court erred in finding that it was an ill practice for Lee's attorney, Mr. Surprenant, to refuse to rescind the summary judgment after having been advised that plaintiff no longer wished to pursue his claim against Lee.
Louisiana Civil Code Article 2004 states:
Annulment for vices of substance; peremption of action
A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
It is not disputed, and all counsel agree, that an erroneous and false affidavit was the sole basis of obtaining the summary judgment and that this constitutes an ill practice. See White v. Exxon Corp., 354 So.2d 1085 (La.App. 2 Cir.1978); Brown v. South Street Lumber Company, 195 So.2d 650 (La.App. 3 Cir.1967).
We find that the defendant's refusal to proceed with rescission of the summary judgment on June 3, 1986, by Lee's attorney, was also an ill practice within the meaning of Article 2004.
The Rules of Professional Conduct, rule 3.3, effective January 1, 1987, place a distinct burden on an attorney who discovers the existence of false evidence to take "reasonable remedial measures," and that such *449 duty is unlimited in time, and do not abate at the end of a proceeding.
Rule 3.3. Candor toward the tribunal
(a) A lawyer shall not knowingly:
(1) Make a false statement of material fact or law to a tribunal;
(2) Conceal or knowingly fail to disclose that which he is required by law to reveal; however, if a lawyer discovers that his client has perpetrated a fraud on a tribunal, he shall promptly call on his client to rectify same and, if the client shall refuse to do so or be unable to do so, the lawyer shall reveal the fraud to the affected person or tribunal;
(3) Fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or
(4) Offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures.
(b) The duties stated in Paragraph (a)(1) and (3) continue to the end of the hearing or proceeding. The duties stated in Paragraph (a)(2) and (4) are unlimited in time and are subject to the provisions of Rule 1.6.
(c) A lawyer may refuse to offer evidence that the lawyer reasonably believes is false.
(d) In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse.
This particular rule was not in effect at the time these proceedings took place; however, its origins may be found in D.R. 7-102. In essence, failure to correct false evidence, even if originally offered in good faith, is violative of this rule. See LeNy v. Friedman, 372 So.2d 721 (La.App. 4 Cir.1979); Allstate Ins. Co. v. Toups, 486 So.2d 304 (La.App. 3 Cir.1986); Southern Discount Company v. Williams, 226 So.2d 60 (La.App. 4 Cir.1969). In these cases, the courts hold generally that violations of the Code of Professional Responsibility might nullify a judgment which has been obtained by ill practice, once the plaintiff has proven such violation. It is clear from the record here that such a violation has been proven in this case, as the admitted false evidence has never been corrected. In this connection, we are guided by the comments of our Supreme Court, in Stewart v. Goeb, 432 So.2d 246 (La.1983). There, in discussing a nullity action under Art. 2004, our highest court stated that the purpose of this article "is to provide, independent of all other action for judicial relief, a mode of redress for injustices in the rendering of judgments."
In a footnote to that finding, the Court said:
Each case must be considered from an equitable viewpoint to ascertain whether it would be inequitable or unconscionable to allow the judgment to stand. A two-step analysis is required: (1) the party seeking the annulment must have been deprived of some legal right, and (2) the resulting judgment must be unconscionable.
We find that the instant case fits exactly into this analysis. The failure to rescind the falsely obtained summary judgment has deprived Mr. Washington of his action against Lee. Defendant would not otherwise have been entitled to the summary judgment on the grounds for which it was prayed, without the supporting affidavit.[1] By failing, and then refusing to have the summary judgment rescinded, and thus correct the record, the judgment has been allowed to stand. The result is unconscionable as the plaintiff is left without a remedy through no fault of his own. Therefore, we hold that these events constitute an ill practice.
*450 An ill practice justifying annulment encompasses such situations even though no actual fraud or intentional wrong is shown. Collins v. Collins, 325 So.2d 773 (La.App. 2 Cir.1976). The trial judge therefore correctly granted judgment in favor of plaintiff annulling the prior summary judgment of May 17, 1985.
We have discovered that the judgment contains a clerical error in that it annuls the judgment of "May 17, 1987." However, the meaning of the trial court is clearly ascertainable.
To change the offending language would not be a prohibited change of substance. Indeed, the trial court could have corrected this error on its own initiative. C.C.P. Art. 1951. The Appellate Court may correct a clerical error.
Frazier v. Carl E. Woodward, Inc., 378 So.2d 209 (La.App. 4 Cir.1979); International Paper Co. v. Rivers, 35 So.2d 677 (La.App. 2 Cir.1948).
Accordingly, we correct and revise the judgment of the district court to read "May 17, 1985" and, as revised, we affirm. All costs are taxed to appellant.
CORRECTED, REVISED, AND, AS REVISED, AFFIRMED.
NOTES
[1] Lee was sued as the vendor of the defective tractor. Summary judgment was granted on the affidavit in which the president of Lee swore that there was no evidence that Lee had ever sold the tractor in question. Therefore, in their records, summary judgment (apparently) was granted on the grounds that Lee had not been the vendor.