590 So.2d 780 (1991)
Neal CLULEE and Westside Sand Company, Inc.
v.
LOUISIANA MATERIALS COMPANY, INC.
No. 90-CA-737.
Court of Appeal of Louisiana, Fifth Circuit.
November 13, 1991.
Rehearing Denied January 17, 1992.
Writ Denied March 26, 1992.
*781 Chaisson & Chaisson, Robert J. Chaisson, Destrehan, for plaintiffs-appellees.
Milling, Benson, Woodward, Hillyer, Pierson & Miller, Neal D. Hobson, Stephen C. Carleton, New Orleans, for defendant-appellant.
Before KLIEBERT, and BOWES, JJ., and FINK, J. Pro Tem.
KLIEBERT, Chief Judge.
This is an action brought by Neal Clulee and Westside Sand, Inc., plaintiffs/appellees, to nullify a February 14, 1989 judgment rendered in favor of Louisiana Materials Company, Inc., defendant/appellant, and against plaintiffs in the amount of $39,434.41, plus interest, costs, and attorney's fees of $2,500.00. After a hearing on June 29, 1990 the trial court granted judgment in favor of plaintiffs annulling the judgment against them dated February 14, 1989. Louisiana Materials perfected this appeal.
In this Court, on the initial appeal, Louisiana Materials Company, Inc. filed a peremptory exception of prescription grounded in the contention the action of nullity was filed too late and cited LSA-C.C.P. Article 2004 in support. The appellees, pursuant *782 to Code of Civil Procedure Article 2163,[1] filed a motion requesting a remand to the trial court for a decision on the prescription issue. We granted the request and remanded the matter to the trial court. The trial court dismissed the exception of prescription, thus leaving its judgment of July 20, 1990 annulling the prior money judgment stand. The lawsuit was again lodged in this Court. For the following reasons, we affirm the trial court's denial of Louisiana Materials' exception of prescription but reverse the July 20, 1990 judgment annulling the judgment of February 14, 1989.
In the original litigation Louisiana Materials sought to recover on open account for goods provided to Mr. and Mrs. Lawrence Deroche d/b/a Deroche Truck Service. Various incidental demands were asserted and Neal Clulee, Gerald Webre, and Westside Sand, Inc. were brought into the litigation. After trial, judgment was rendered in favor of Louisiana Materials in the previously stated amounts. On February 23, 1989 the trial court denied Webre, Clulee, and Westside a new trial. Only Webre appealed and this Court reversed and dismissed the judgment against Webre, finding on the facts before it the corporate president could not be personally held liable for the corporate debt. Deroche v. P & L Construction Materials, Inc., 554 So.2d 717 (5th Cir.1989).
On February 10, 1990, Clulee and Westside brought this nullity action alleging an ill practice occurred which prevented them from asserting their defenses at the trial of the original action. The trial court agreed and granted judgment annulling the money judgment against Clulee and Westside.
On appeal here Louisiana Materials cites LSA-C.C.P. Articles 2002 and 2004[2] and argues that the facts do not support an action for nullity and that Clulee and Westside are simply attempting to perfect an untimely appeal. They also request sanctions pursuant to LSA-C.C.P. Article 863.[3] *783 Additionally, Louisiana Materials contends the nullity action was not timely filed.
In response to Clulee and Westside's contention of nullity Louisiana Materials argues Clulee and Westside learned at trial on February 10, 1989 of the facts forming the basis of the alleged fraud or ill practices, hence, under the prescriptive provisions of Code of Civil Procedure Article 2004, the action came too late.
In Louisiana prescription does not begin to run until damage is sustained. Rayne State Bank & Trust v. Nat. U. Fire Ins., 483 So.2d 987 (La.1986); Barre v. St. Martin, 499 So.2d 607 (5th Cir.1986), writs denied, 503 So.2d 14 (La.1987). "Mere notice of a wrongful act will not suffice to commence the running of the prescriptive period.... In order for the prescriptive period to commence, the plaintiff must be able to state a cause of actionboth a wrongful act and resultant damages. Because the damage must necessarily occur after the wrongful act, prescription runs from that point and not from the date of the wrongful act." Rayne State Bank & Trust, supra, at 995.
Here the trial court denied Westside, Clulee, and Webre's request for a new trial on February 23, 1989. Hence, that is the date prescription began to run. Since the petition for nullity was filed on February 20, 1990, it was timely. To hold otherwise would force litigants to attack judgments prior to their becoming final. See Lewis et al v. Faucheux, et al, 569 So.2d 1126 (5th Cir.1990) (malpractice action was held to be premature until a final decision on the action precipitating the malpractice claim was rendered).
Thus, we affirm the trial court's ruling rejecting Louisiana Materials' exception of prescription. Having so concluded, we now consider the merits of the action of nullity.
In order to prevail on an action for nullity the petitioner must first prove the circumstances under which the judgment was rendered shows a deprivation of the legal rights of the litigant who seeks relief and, secondly, that the enforcement of the judgment would be unconscionable and inequitable. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983); Washington v. Lee Tractor Co., Inc., 526 So.2d 447 (5th Cir.1988).
Conduct which prevents an opposing party from having an opportunity to appeal or to assert a defense constitutes a deprivation of his legal rights. Kem Search, Inc., supra. An action to annul based on LSA-C.C.P. Article 2004 is not limited to actual fraud or intentional wrongdoing but encompasses those situations where judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right. Kem Search, Inc., supra; Washington, supra.
In annulling the prior judgment, the trial judge stated enforcement of the judgment against Clulee and Westside would be unconscionable and inequitable. As hereinafter shown from our review of the record in this matter (including the entire record of the original proceeding) it does not appear Clulee and Westside were deprived of any legal rights by fraud or ill practice. Hence, the trial judge should not have reached the second portion of the test for determining whether the judgment should be annulled. See Kem Search, Inc., supra; Washington, supra.
At the start of the trial, it was represented to the court that Mr. Webre had been dismissed as a party defendant and would not be called as a witness. Thereafter, he participated in the trial representing Clulee and Westside. At the close of Louisiana Materials' and the Deroches' cases in chief, both requested directed verdicts. For the first time since the start of the proceeding, it was represented *784 to the court that Mr. Webre was again a named party defendant. During the course of the trial, Webre, Clulee, Westside, the trial judge, Mr. Carleton, and possibly Mr. Rolling, believed Webre was not a party. Thus, Webre had every opportunity during the trial to protect the legal rights of his clients, Clulee and Westside. Simply because a judgment was rendered against Clulee and Westside does not mean their legal rights were deprived, particularly when they were present and represented by counsel at trial.
Additionally, we do not address the propriety of the original judgment against Clulee and Westside. Whether the evidence does or does not support that judgment is not before us. The law is well settled that an action for nullity is not intended as a substitute for an appeal or as a second chance to prove a claim which was previously denied for failure of proof. Gladstone v. American Auto. Ass'n., Inc., 419 So.2d 1219 (La.1982). The proper procedure to remedy a failure of proof is through a motion for a new trial and/or an appeal.
Finally, Louisiana Materials requests sanctions pursuant to LSA-C.C.P. Article 863. Simply because a party loses a lawsuit does not justify sanctions. The trial court record reveals a number of problems in the original proceeding justifying the action taken on behalf of Clulee and Westside. Thus, we decline to impose sanctions on the facts of the case before us.
For the foregoing reasons, the judgment of the trial court dated July 20, 1990, is reversed. Plaintiff's petition to annul judgment and request for a preliminary injuction is dismissed. Appellees are to bear all costs.
AFFIRMED IN PART; REVERSED IN PART; AND DISMISSED.
NOTES
[1] Code of Civil Procedure Article 2163 provides:

"The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.
If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception."
[2] LSA-C.C.P. Article 2002 provides as follows:

A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law;
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
(3) By a court which does not have jurisdiction over the subject matter of the suit.
Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds may be brought at any time.
LSA-C.C.P. Article 2004 provides as follows:
A final judgment obtained by fraud or ill practice may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practice.
[3] LSA-C.C.P. Article 863 provides as follows:

A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.
F. A sanction authorized in Paragraph D shall not be imposed with respect to an original petition which is filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier.