hWICKER, Judge.
This appeal arises from an action for nullity filed on behalf of Brad Edelman, plain-tifl/appellant, with the Office of Worker’s Compensation (OWC). The defendant/employer/appellee, New Orleans Saints, filed an exception of prescription which was sustained by the hearing officer. Edelman now appeals the dismissal of the action. We reverse and remand.
Edelman previously filed a claim for worker’s compensation benefits with the Office of Worker’s Compensation (OWC). That claim was denied by the hearing officer on March 3,1993 and an appeal was taken in Edelman v. New Orleans Saints, 93-827 (La.App. 5th Cir. 3/16/94, unpublished opinion), 635 So.2d 1350, writ denied, 94-1289 (La. 9/2/94), 643 So.2d 146. While the appeal was pending Edelman filed an action for nullity. The record reflects the nullity action was filed with OWC on March 7, 1994. Edelman’s action for nullity was brought pursuant to La.Code Civ.Proc. Art. 2004 on the basis the employer or its representative concealed “relevant material evidence.”
The appeal in Edelman at 635 So.2d 1350 was remanded[1] for “the retaking of testimony” since the trial transcript was replete with inaccuracies. This court is therefore presently awaiting the resubmission of an accurate transcription of |2the testimony. That judgment has therefore not yet become final as an appeal is still pending.[2] This court has not yet rendered an opinion. It is the judgment on appeal which Edelman now seeks to annul.
*1052 New Orleans Saints filed an exception of prescription. It alternatively pled an exception of no right or cause of action. At the hearing on the exceptions New Orleans Saints admitted there was no such exception and explained that “the action before you is the no cause of action[sie] of prescription.”[3]
| .sAppellee asserts that La.Code Civ. Proc. Art. 2004 mandates the sustaining of the exception of prescription since discovery of the alleged fraud or ill practice occurred more than one year prior to the filing of the action for nullity; namely, during the trial.
La.Code Civ.Proc. Art. 2004 provides:
A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
La.Code Civ.Proc. Art. 2005 provides:
A judgment may be annulled prior to or pending an appeal therefrom, or after the delays for appealing have elapsed.
A judgment affirmed, reversed, amended, or otherwise rendered by an appellate court may be annulled only when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court.
An action of nullity does not affect the right to appeal.
In contrast, appellant argues this court should apply its holding in Clulee v. Louisiana Materials Co., Inc., 590 So.2d 780 (La.App. 5th Cir.1991), unit denied, 594 So.2d 1323 (La.1992) to this ease. In Clulee we held the date on which prescription began to run for article 2004 was the date of the denial of a new trial. In that case the parties filing the action for nullity had not appealed. It was argued as it is here that the discovery of the alleged fraud or ill practice occurred at trial and thus prescription ran from the date of discovery at trial. This issue has been decided in our circuit. The date the judgment becomes final is the date which triggers the running of prescription for the purposes of a nullity action brought pursuant to La. Code Civ.Proc. Art. 2004. Clulee. We explained 14in Clulee at 783, “To hold otherwise would force litigants to attack judgments pri- or to their becoming final.”
Importantly, in so holding in Clulee we followed the Supreme Court in holding that “[i]n Louisiana prescription does not begin to run until damage is sustained.” Clulee at 783, following Rayne State Bank & Trust v. Nat. U. Fire Ins., 483 So.2d 987 (La.1986). We explained:
“Mere notice of a wrongful act will not suffice to commence the running of the prescriptive period.... In order for the prescriptive period to commence, the plaintiff must be able to state a cause of action — both a wrongful act and resultant damages. Because the damage must necessarily occur after the wrongful act, prescription runs from that point and not from the date of the wrongful act.” Rayne State Bank & Trust, supra, at 995.
Id. at 783.
Furthermore, as explained by the Supreme Court in Johnson v. Jones-Journet, 320 So.2d 533 (La.1975) Id. at 537:
*1053 According to article 2004 of the Code of Civil Procedure, any final judgment obtained by fraud or ill practices may be annulled [emphasis added].
The judgment sought to be annulled has not yet become final.
Accordingly, for the reasons stated, the judgment sustaining the exception of prescription and dismissing Brad Edelman’s petition for nullity is reversed. Judgment is now rendered in favor of Brad E definan and against New Orleans Saints overruling the exception of prescription. This case on the petition for nullity is remanded for further proceedings.
REVERSED AND RENDERED; REMANDED.

. We note this opinion was reported by West Publishing Company as a reversal rather than as a remand in the bound volume of 635 So.2d, but West has corrected that error in its WESTLAW and PREMISE computer services.

. This judgment has not yet become final nor conclusive. See, Segura v. Frank, 93-1271, 93-1401(La. 1/14/94), 630 So.2d 714, 727, cert. den., 93-1649(U.S. 6/6/94), - U.S. -, 114 S.Ct. 2165, 128 L.Ed.2d 887.

. Although the hearing officer did not rule on the exception of no cause of action we nonetheless note that Edelman has stated a cause of action for fraud or ill practices by alleging the concealment of evidence. La.Code Civ.Proc. Art. 2004. The hearing officer opined that it was the attorney’s failure to file a motion to compel which resulted in the lack of evidence instead of any fraud or ill practice. However, we have explained in Leehans v. State Farm Ins. Co., 534 So.2d 979, 982 (La. 5th Cir.1988):
“In deciding an exception of no cause of action, the court accepts the facts alleged in the petition, without reference to any extraneous supporting or controverting evidence, and determines whether the law affords any relief to plaintiff if these facts are proved at trial." Robinson v. North American Royalties, Inc., 470 So.2d 112, 114 (La.1985). While the exception of no cause of action tests the sufficiency of the pleadings, Haskins v. Clary, 346 So.2d 193 (La.1977), the motion for summary judgment determines whether a genuine issue of material fact exists. La.C.Civ.P. Arts. 927, 966. "A motion for summary judgment is not a substitute for an exception of no cause of action.” Wells v. St. Tammany Parish School Bd., 340 So.2d 1022, 1024 (La.App. 1st Cir.1976).
We make no determination as to the merits of Edelman's petition for nullity.