IzREMY CHIASSON, Judge, Pro Tem.
Mitel, Inc. brought this action to nullify a default judgment rendered against it by CHN, Inc. Following trial on the merits, the trial court rendered judgment granting the nullity action. CHN, Inc. appeals.
FACTS
CHN brought suit in the Civil District Court for the Parish of Orleans (CDC) against Mitel and Universal Telephone Corp. (UTC) seeking rescission of the sale of an allegedly defective computer assisted dialing system. Both UTC and Mitel (by long-arm statute) were served with that suit. Counsel for Mitel, Pierre Miller, contacted counsel for CHN, James Willeford, and requested an informal extension of time to file responsive pleadings. However, because suit was filed in an improper venue, Willeford advised Miller not to file responsive pleadings in CDC because the suit would be dismissed and refiled in the 24TH Judicial District Court for the Parish of Jefferson. Miller confirmed to Willeford by letter his representation of Mitel in the litigation, the conversation that no responsive pleadings need be filed in CDC and that Willeford would be sending Miller a copy of the 24th JDC suit.
CHN in fact dismissed the CDC suit and refiled in the 24th JDC. A copy of the lapetition was mailed by Willeford to Miller and he was advised that long arm service was being made on Mitel. The letter further states “I would appreciate you not requesting an extension of time once service is made.” By letter dated October 21, 1994, Willéford served CHN’s first set of interrogatories to UTC and Mitel, through their respective counsel of record, Ehret and Miller.
Long arm service was perfected on Mitel on October 24,1994 and an affidavit attesting to service was filed November 2, 1994. This affidavit was not served on any counsel or party. Also on November 2,1994, UTC filed its answer and reconvened against CHN, a copy of which was mailed to Miller and Wille-ford. Willeford mailed a letter to UTC’s counsel, Richard Ehret, on November 7,1994 enclosing a copy of CHN’s answer to UTC’s reconventional demand and requesting that UTC answer discovery or a motion to compel *1157 would be filed within five days. A copy of this letter was also mailed to Miller.
On December 2, 1994, a Motion to Compel discovery was filed against UTC and a certificate of service on all counsel signed by Willeford. On December 6, 1994, Willeford obtained a preliminary default against Mitel which was later confirmed by judgment dated December 12, 1994. On December 20, 1994, Mitel filed its answer.
Willeford had no contact with Miller until appeal delays had run. Then, by letter dated February 27, 1995, Willeford advised Miller of the December 12, 1994 judgment in the amount of $752,939.01 and demanded payment. Miller was also advised that counsel had been retained in Virginia, Mitel’s home state, where pleadings were prepared and ready for filing to execute on the judgment.
On March 2, 1995, Mitel filed the Petition for Nullity and Injunctive Relief made the subject of this appeal. Following trial on the merits, the trial court rendered judgment declaring the judgment of the 24th JDC #469-410 dated December 12, 1994 in the amount of $752,939.01 against Mitel, Inc. a nullity and granting Mitel a permanent injunction prohibiting CHN from executing on the judgment. CHN appeals.
NULLITY ACTION
In Clulee v. Louisiana Materials Co., Inc., 590 So.2d 780, 783 (La.App. 5 CirJ41991) this court set forth the requirements to prevail in a nullity action as follows:
In order to prevail on an action for nullity the petitioner must first prove the circumstances under which the judgment was rendered shows a deprivation of the legal rights of the litigant who seeks relief and, secondly, that the enforcement of the judgment would be unconscionable and inequitable. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983); Washington v. Lee Tractor Co., Inc., 526 So.2d 447 ([LaApp.] 5th Cir.1988).
Conduct which prevents an opposing party from having an opportunity to appeal or to assert a defense constitutes a deprivation of his legal rights. Kem Search, Inc., supra. An action to annul based on LSA-C.C.P. Article 2004 is not limited to actual fraud or intentional wrongdoing but encompasses those situations where judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right. Kem Search, Inc., supra; Washington, supra.
Additionally, whether the evidence does or does not support the December 12, 1994 judgment is not before us. The law is well settled that an action for nullity is not intended as a substitute for an appeal or as a second chance to prove a claim which was previously denied for failure of proof. Gladstone v. American Auto. Ass’n., Inc., 419 So.2d 1219 (La.1982). Clulee, supra. The proper procedure to remedy a failure of proof is through a motion for a new trial and/or an appeal.
Messieurs Miller, Willeford and Eh-ret all testified at trial of the nullity action. Mr. Willeford testified he advised Mr. Miller not to file responsive pleadings in CDC and asked that he not request an extension in the 24th JDC. Although Willeford received a letter from Miller notifying him that Miller was representing Mitel and Willeford sent Miller correspondence and discovery as counsel for Mitel, Willeford did not notify any counsel that the affidavit of service was filed or that a preliminary default was taken. This despite the fact that the motion for preliminary default contained a certificate of service executed by Willeford stating a copy of the motion was sent to all counsel. Both Miller and Ehret testified they had not received a copy of the motion. Willeford testified he had not mailed a copy to Miller because he had not formally enrolled as counsel so Willeford was unsure if Miller continued to represent Mitel.
| ¡¡Miller testified that in his initial contact with Willeford, he requested an extension of time to file responsive pleadings and was advised there was no need to in CDC because that suit would be dismissed. However, Willeford did advise him not to request an extension in the 24th JDC suit. Wille-ford provided Miller with a courtesy copy of the 24th suit and requested that he not request an extension of time once service was *1158 made. Miller testified he took these actions to mean an informal extension had been granted by Willeford. Further, because he notified Willeford of his representation of Mitel and of their subsequent communications, he believed Willeford would notify him before taking adverse action against him. Miller’s beliefs were further confirmed when he received Willeford’s November 7, 1994 letter to Ehret notifying him that a motion to compel would be filed if he failed to act.
Based on the above facts, we cannot say the trial court erred in finding Mitel suffered a deprivation of its legal rights. As set forth above, a nullity action is not limited to actual fraud or intentional wrongdoing but encompasses those situations where judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right.
Finally, evidence was presented to the court substantiating that enforcement of the judgment would be unconscionable and inequitable. Without passing on the merits of the December 12, 1994 judgment, it appears that Mitel did not manufacture the defective computer assisted dialing system and that the judgment may in fact have been inflated. Thus, the second of the Kem Search factors is present justifying the trial court’s decision to grant the nullity petition.
DECREE
For the foregoing reasons, the trial court judgment dated May 24, 1995 annulling the default judgment dated December 12,1994 in 24th JDC #469-410 is affirmed. Cost of-appeal is taxed to appellant.
AFFIRMED.