bDALEY, Judge.
This is an appeal taken from the granting of a Petition to Nullify a Default Judgment.

FACTS:

Appellants, James D. Wilson and nineteen other drivers, who did contract delivery work for the appellee, Arch-Air Freight, Inc., filed suit in Federal Court to recover funds they felt were owed as a result of Arch-Ar and its owners intentional underpaying them in violation of their agreement. During the pen-dency of this federal suit, appellants filed suit in 24th Judicial District Court[1], asserting essentially the same cause of action and seeking to recover money damages from Arch-Ar. Appellee, Charles Henry Acher III, was served with this petition on June 11, 1996. Arch-Ar was served on June 17,1996.
(¡Following proper citation and service, ap-pellees failed to file any type of responsive pleadings. Appellees filed no request for extension of time, no exceptions, no answer, and no request for notice. On September 9, 1996, counsel for appellants herein, Charles R. Ward, Jr., sent counsel for appellees, Ralph S. Whalen, Jr., a letter stating that if responsive pleadings were not filed by September 13, 1996, he would take steps to obtain a default judgment and sequestration of Arch-Ar’s assets to cover any judgment obtained against Ach-Ar. On September 13, 1996, Ward sent Whalen another letter stating that a Motion for Preliminary Default had been filed and requesting that responsive pleadings be filed. Ward obtained a Preliminary Default Judgment in favor of appellants and against appellees on that same day in the amount of $367,254.83. No action was taken *439 on behalf of appellees. On September 18, 1996, Ward obtained a confirmation of the Preliminary Default and Judgment in the amount of $367,254.83, signed by the Honorable Charles V. Cusimano II.
In the meantime, Ward and Whalen had made several appearances in federal court on behalf of their respective clients. On July 22, 1996, the parties were ordered to participate in a settlement conference. At the settlement conference on August 2,1996, mediation with a private mediator was ordered with the parties’ consent. By August 28, 1996, all parties had signed a mediation agreement, which included both the State and Federal lawsuits.
The parties attended mediation on October 23, 1996 and December 3, 1996. During the second mediation session, the mediator was made aware of the default judgment, which he then showed to counsel for appellees. Mediation was terminated. On December 9, 1996, appellants filed a petition in Civil District Court to make the default judgment executory. On December 16, 1996, after the garnishment had ^occurred and the banks had notified Arch-Air that its accounts had been attached, Arch-Air filed a Petition for Nullity of Judgment and for Injunctive Relief. A temporary restraining order was issued on December 17, 1996, by the Honorable Frederieka H. Wicker. A hearing was held on January 22, 1997, and judgment was entered on January 23, 1997, granting the injunctive relief requested by Arch-Air. The judgment included two paragraphs striking the default judgment and striking the execu-tory judgment in Orleans Parish. Writs were granted by this Court vacating this portion of the judgment and remanding for ruling on the Petition of Nullity. Trial on the Petition for Nullity was held on February 21,1997. The Petition for Nullity was granted and this appeal followed.

DISCUSSION:

On appeal the appellant argues that the trial court erred in granting Arch-Air’s Petition for Nullity because Arch-Air failed to meet its burden of proof by a preponderance of the evidence. In support of this argument appellants cite Clulee v. Louisiana Materials Co., Inc., 590 So.2d 780 (La.App. 5th Cir.1991), wherein this Court stated:
In order to prevail on an action for nullity the petitioner must first prove the circumstances under which the judgment was rendered shows a deprivation of the legal rights of the litigant who seeks relief and, secondly, that the enforcement of the judgment would be unconscionable and inequitable. Kem Search, Inc. V. Sheffield, 434 So.2d 1067 (La.1983); Washington v. Lee Tractor Co., Inc., 536[526] So.2d 447 (La. App. 5th Cir.1988).
Conduct which prevents an opposing party from having an opportunity to appeal or to assert a defense constitutes a deprivation of his legal rights. Kem Search, supra. An action to annul based on LSA-C.C.P. Article 2004 is not limited to actual fraud or intentional wrong doing but encompassed those situations where judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party east in judgment of some legal right. Kem Search, Inc., supra; Washington, supra.
feThis view was recently reaffirmed by the Supreme Court in Russell v. Illinois Central Gulf Railroad, et al, 96-2649 (La.1/10/97), 686 So.2d 817.
In paragraph five of the Stipulations of Facts that was filed into the record the parties state:
Neither Judge Cusimano nor his staff member were told of the ongoing mediation or of the pending federal suit nor did counsel for the defendants advise about the notification to counsel for plaintiffs of intention to proceed with the default if responsive pleadings were not filed, nor did counsel for defendants advise of the proceedings in the federal suit wherein a default was taken after the notices provided to counsel for plaintiffs in connection with that suit.
In her reasons for judgment the trial judge cited several cases that she used to guide her in granting the Petition for Nullity. One such case was Louisiana State Bar Association v. White, 539 So.2d 1216 (La.1989), in which the Court held:
*440 In an ex parte proceeding, a lawyer has the expanded duty to inform the court of all material facts known to the lawyer, even those adverse to the client’s position. Consequently, courts frequently have set aside default judgments on the bases of a lawyer’s negligent or intentional withholding of relevant, material information from the court.
We find that Mr. Ward’s failure to inform Judge Cusimano of the federal lawsuit and ongoing mediation agreement constitutes withholding of relevant material information.
The trial judge also relied on N.A. Simmons & Associates v. Francois, 581 So.2d 759 (La.App. 4th Cir.1991), when she stated:
Wherein a default judgment was taken during a course of settlement negotiations. And, in that case the Fourth Circuit found the taking of default judgment during the course of settlement negotiation was, in effect lulling the opponent into a position of believed safety and then attacking. Particularly in a hotly contested case.
^In brief, Mr. Whalen states that “little attention was paid to Mr. Ward’s letter of September 9th and the same significance was attributed to the letter of September 18, 1996.” While we in no way excuse Mr. Whalen’s failure to file some type of responsive pleading after receiving these two letters, it is understandable that he believed that a default judgment would not be confirmed because of the ongoing signed mediation agreement which included the State and Federal lawsuits. We find that to enforce the default judgment in this case would be unconscionable and inequitable and that the nullification ordered by the trial judge is justified.
For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

. James D. Wilson, et al v. Arch-Air Freight, Inc., et al, Civil Action Number 478-734, Division "L”.