PER CURIAM.
The defendant in this case is charged with the crime of first degree murder and faces the possibility of the death penalty. The evidence presented with defendant’s writ application, which includes evidence that this case has already received extensive pretrial publicity, establishes a reasonable likelihood that defendant’s right to a fair trial will be substantially prejudiced by a hearing open to the press and public of defendant’s motion to suppress confessions, admissions or inculpatory statements. As stated in State v. Birdsong, 422 So.2d 1135 (La.1982):
“... Our Code of Criminal Procedure has built-in safeguards not afforded to persons accused of lesser crimes which impose less severe penalties. Hence, we should be overcautious when considering the due process rights of a person accused of a capital offense. Defendant’s right to a fair trial can be protected from the adverse effects of pretrial publicity by simply closing the suppression hearing to the public and press who do not have an enforceable right to be present.” (footnote omitted).
For these reasons, the ruling of the trial judge denying defendant a closed pretrial suppression hearing on the motion to suppress is reversed. Defendant’s motion to close the hearing to the public and press is granted. The case is remanded to the district court for further proceedings.