486 So.2d 304 (1986)
ALLSTATE INSURANCE COMPANY, Plaintiff-Appellant,
v.
Brent TOUPS and Charles Soileau, Defendants-Appellees.
No. 86-290.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1986.
Writ Denied June 13, 1986.
Roy & Hattan, Candice Hattan, LaFayette, for plaintiff-appellant.
*305 Fruge & Dejean, Kenneth Dejean, Lafayette, for defendants-appellees.
Before KNOLL, KING and BRUNSON,[*] JJ.
KNOLL, Judge.
Allstate Insurance Company (Allstate) appeals a judgment dismissing its suit against Brent F. Toups and his attorney, Charles Soileau, seeking to annul a default judgment of $100,000 in favor of Toups for personal injuries he received in an automobile accident wherein the driver was insured by Allstate. On appeal Allstate contends: (1) that the default judgment was obtained by fraud and ill practices; (2) that Soileau violated the local custom of the area by confirming a preliminary default without advance notice to Allstate or its attorney, and that this also violated provisions of the Code of Professional Responsibility; and (3) that the trial court erroneously maintained Soileau's exception of no cause of action. Since we affirm the trial court's dismissal of the suit, we pretermit the issue of whether Allstate had a cause of action against Soileau (Toups's attorney) or whether Soileau was a proper party to the suit.

FACTS
On June 17, 1982, Toups brought this action against Allstate, seeking $275,000 in damages for injuries he sustained in a single vehicular accident which occurred on June 21, 1981. His claim against State Farm Insurance Company, the primary carrier, was settled for $10,000 prior to filing of this suit. Toups was a passenger in a pickup truck owned by him and driven by his minor brother, who was insured by Allstate under a policy issued to his father. Toups, a dentist with five years experience, injured his right hand and arm. He also injured his left foot, which required surgery. On the date suit was filed, Soileau forwarded a letter and a complimentary copy of the suit to Jim Tarver, the senior claims representative for Allstate with whom he was negotiating. The letter provided in pertinent part:

"Also enclosed herein you will find a copy of a suit which was filed this date in Allen Parish. As you know, prescription was creeping up on me and I was obligated to file this suit. However, I assure you that I will take no action in this suit for a period of sixty (60) days from the date of this letter [June 17, 1982]. Hopefully, during that period of time you and I will be able to reach an amicable settlement in this matter. If we are unable to settle this claim, I will proceed with the lawsuit." (Emphasis added.)

On July 8, 1982, Soileau corresponded with Tarver again, continuing settlement negotiations. That letter provided in pertinent part:
"You still have my assurance that no action will be taken on the lawsuit until sixty (60) days from the date of its filing [June 17, 1982]."
On July 15, 1982, Tarver contacted Maurice Tynes, an attorney, to employ him on a standby basis to file an answer in the event that settlement was not reached. Tynes never corresponded with Soileau, but telephoned him on July 15. The content of that conversation is disputed. Tynes contends Soileau advised him that he would take no further action without giving him advance notice. Soileau denies this and testified that he never gave Allstate or Tynes any more than a 60-day extension. Tarver testified that he understood that Soileau would grant him additional time so that they could continue their negotiations. Once the extended period of 60 days expired, neither Tynes nor Tarver made any further contact or negotiations with Soileau.
A preliminary default was entered on September 1, 1982; it was confirmed on October 7, 1982, wherein the trial court awarded Toups $100,000 in damages. Allstate received notice of the judgment in *306 December 1982 and brought this suit to annul the judgment in March 1983. Soileau filed a peremptory exception of no cause of action. The trial court sustained the exception and dismissed Soileau from the suit.

MOTION TO ANNUL JUDGMENT
LSA-C.C.P. Art. 2004 provides that any final judgment obtained by fraud or ill practices may be annulled. Our jurisprudence sets forth two criteria to determine whether a judgment has been obtained by actionable fraud or ill practices: (1) when the circumstances under which the judgment was rendered show the deprivation of legal rights of the litigant who seeks relief; and (2) when the enforcement of the judgment would be unconscionable and inequitable. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983). Confirming a default without prior notice to the opposing counsel is not an ill practice under Article 2004 unless plaintiff's attorney agrees to give his opponent notice before taking the default or leads him to believe notice will be given by pretending to negotiate a settlement. Newfield v. Gruber, 457 So.2d 1203 (La.App. 1st Cir.1984).
Allstate contends that the confirmation of the default judgment was obtained by fraud or ill practices, and relies on Kem Search, Inc. v. Sheffield, supra, for the proposition that enforcement of a default judgment will be considered unconscionable and inequitable when an attorney takes a default judgment despite an agreement to give his opponent notice before taking the default or leads his opponent to believe notice will be given by pretending to negotiate a settlement. In that case, the Louisiana Supreme Court concluded that enforcement of the default judgment was unconscionable because Sheffield failed to act due to his mistaken and not unreasonable impression that Kem Search's attorney would give him an opportunity to file pleadings if his settlement overtures were rejected.
In the instant case, the record clearly shows that Soileau gave Allstate an extension of 60 days from filing of the suit, and stated that he would proceed with the lawsuit if they were unable to settle the claim during the 60-day period. We note that there were no further settlement negotiations after the 60 days expired. Further, there is no evidence of an additional extension or a miscommunication or mistaken belief that Soileau had granted Allstate an additional extension. Under the very terms of the agreement, Soileau would "proceed with the lawsuit" if the claim was not settled during 60 days from June 17, 1982. Allstate, with full knowledge of the pending lawsuit, failed to file an answer during or after the extension, even though settlement negotiations ceased in July and the extension expired August 17, 1982.
During their depositions, both Tynes and Tarver admitted that Soileau took no action which specifically granted them an additional extension of time within which to file an answer. They rely solely on customary practices. Since the trial judge found that Soileau neither specifically agreed to give them notice before taking the default nor led them to believe, by pretending to negotiate a settlement, that such notice would be given, Soileau's confirmation of the default judgment cannot be considered an ill practice under Article 2004. Newfield v. Gruber, supra. Based on the evidence in the record, we do not find that this finding of fact by the trial judge is clearly in error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Under these circumstances, we cannot say that Allstate was deprived of its legal rights nor do we find that enforcement of the judgment would be unconscionable and inequitable.

VIOLATION OF CODE OF PROFESSIONAL RESPONSIBILITY
Allstate contends that Soileau violated various canons, ethical considerations, and disciplinary rules of the Code of Professional Responsibility by confirming the preliminary default without affording Allstate prior notice. Allstate introduced into evidence the depositions of several attorneys *307 who testified that it was customary in that area to notify opposing counsel before taking a default judgment.
While it is true that violations of the Code of Professional Responsibility might nullify a judgment thereby obtained by ill practice, a plaintiff must prove such violation. LeNy v. Friedman, 372 So.2d 721 (La.App. 4th Cir.1979), writ denied, 375 So.2d 943 (La.1979). In the instant case, Allstate failed to meet its burden of proving any violation of the Code of Professional Responsibility, but rather, it relies solely on the standards of the community. We hold that standards and customs of the community will not supersede a written agreement. Further, if any duty is owed because of the standards of the community, that duty is owed to attorneys in the legal community and does not extend to insurance adjusters. The record before us is void of any evidence establishing an employment relationship between Tynes and Allstate. Tynes testified that he was involved in this matter only on a "standby basis," to file an answer in the event that the parties were unable to negotiate a settlement. He did not participate in the negotiations. Tynes further testified that it is customary to confirm representation of clients by letter, and that no such confirmation was made in the immediate case. Since we find that the record lacks evidence that Allstate actually hired Tynes to represent it in this matter, and since we find that the customary practice of notifying opposing counsel before taking a default judgment extends only to attorneys in the legal community, we conclude that no duty was owed Allstate, in view of the agreement, once the 60-day extension had expired.
We do not view Soileau's conduct as violative of the Code of Professional Responsibility, but rather, effective representation of his client. The 60-day extension was for a fixed and definite period of time, and Soileau made clear his intention to proceed with the lawsuit in the event that they were unable to negotiate a settlement by the expiration of the 60 days. Accordingly, we find no violation of the Code of Professional Responsibility, or breach of any duty owed because of the customs and standards of the community.
For the foregoing reasons the judgment of the trial court is affirmed. All costs of this appeal are assessed to the appellant, Allstate Insurance Company.
AFFIRMED.
NOTES
[*] Judge Hugh Ellis Brunson of the Fifteenth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.