WATKINS, Judge.
The sole issue before the court is whether the trial court erred in annulling a previously granted default judgment based on ill practices.
FACTS
Plaintiffs, William H. Forman, Jr., Erma-leen L. Forman, Lelia F. Badeaux, Mary Lelia B. McCormich and Edward R. Ba-deaux, Jr. originally filed suit against Joe Belew, Gilbert Belew, and American Title Company (American) alleging breach of a contract to sell. American was eventually dismissed from the suit and Irma Belew, Gilbert’s wife, was added as a party defendant. The plaintiff, William H. Forman, a lawyer, represented himself and his family in these proceedings. The remaining *822 defendants were represented by William R. Aaron.
The plaintiffs’ original petition was filed on January 10,1986. Mr. Aaron responded on behalf of Gilbert Belew by filing an exception of no cause of action on Februr ary 7, 1986. On the same day, Mr. Aaron filed exceptions of insufficiency of service of process and lack of jurisdiction on behalf of Joe Belew. Notwithstanding the above filed exceptions, the plaintiffs were granted a preliminary default against Joe Belew and Gilbert Belew on February 7, 1986. This default remained unconfirmed. The court sustained Gilbert Belew’s exception of no right of action and Joe Belew’s exception of insufficiency of service on April 11, 1986. The plaintiffs were given 10 days in which to amend their petition. The amended petition was filed on April 16, 1986, adding Irma Belew as a party defendant. On May 22,1986 an exception of vagueness was filed on behalf of Irma and Gilbert Belew. On June 10, 1986 a motion for extension of time in which to file responsive pleadings was filed on behalf of Joe Belew. Thereafter, on July 15, 1986, an exception of no right and/or no cause of action was filed on behalf of Joe Belew and on August 15, 1986, answers to plaintiffs' interrogatories were filed on behalf of Joe Belew. On September 26, 1986, the court overruled Joe Belew’s exception of no cause of action and Gilbert and Irma Be-lew’s exception of vagueness. A motion for summary judgment was thereafter filed on behalf of Gilbert and Irma Belew on October 3, 1986, and an answer on their behalf was filed on October 6, 1986. Again, on October 8, 1986, answers to plaintiffs’ interrogatories were filed on behalf of Joe Belew. A motion for preliminary default was filed by the plaintiffs on November 7, 1986, the same day that the trial court granted Irma and Gilbert’s motion for summary judgment. The default was subsequently confirmed on November 25th, in favor of the plaintiffs in the sum of $50,000.00, or in the alternative that Joe Belew comply with the contract of sale. On February 10,1987, defendant Joe Belew motioned the court to vacate or annul the previously rendered default. After a hearing the court granted the motion and set aside the default judgment. In its reasons for judgment the court stated the following:
On November 7, 1986, the same day that the summary judgments were granted to Gilbert and Irma Belew, the plaintiffs entered a preliminary default against Joe Belew. With no answer in the record, plaintiffs confirmed default judgment against Joe Belew on November 18, (sic) 1986.
Mr. Aaron, on behalf of Joe Belew, now files this motion to vacate and set aside the judgment. At the hearing, Mr. Aaron testified that he was under the impression that he conveyed to plaintiffs that he would filed (sic) an answer within a reasonable time. He was not informed that the plaintiffs were going to enter a preliminary default that day and a default judgment six days later. Plaintiffs take the position that the defendant did not comply with the law and file the proper pleadings, and therefore they were entitled to take a default judgment.
A judgment may be set aside when the circumstances under which it was rendered show a deprivation of legal rights and when the enforcement of the judgment would be inequitable. See Kem Search, Inc. v. Sheffield, (La.Sup.Ct.), 434 So.2d 1067 (1983). Considering all of the facts surrounding this motion, the Court feels that to allow this judgment to stand would be inequitable and deprive the defendant of his legal rights. He is entitled to a trial on the merits.
The plaintiffs appealed the trial court’s annullment of the default judgment contending that the defendant failed to prove ill practices on the part of William H. For-man, Jr. We disagree.
Ordinarily, confirming a default without prior notice to the opposing counsel is not an ill practice under LSA-C.C.P. article 2004 unless plaintiff’s attorney agrees to give his opponent notice before taking the default or leads him to believe notice will be given by pretending to negotiate a settlement. Hermann v. La. Health Serv. & Indem. Co., 492 So.2d 250 (La.App. 3d Cir.1986); Allstate Insurance Co. v. Toups, 486 So.2d 304 (La.App. 3d *823 Cir.), writ denied, 489 So.2d 917 (La.1986); Newfield v. Gruber, 457 So.2d 1203 (La.App. 1st Cir.1984). The Supreme Court set forth the following guidelines for determining when a judgment may be annulled for fraud or. ill practices:
According to article 2004 of the Code of Civil Procedure, any final judgment obtained by fraud or ill practices may be annulled. Our jurisprudence sets forth two criteria to determine whether a judgment has been obtained by actionable fraud or ill practices: (1) when the circumstances under which the judgment was rendered show the deprivation of legal rights of the litigant who seeks relief, and (2) when the enforcement of the judgment would be unconscionable and inequitable. Furthermore, although our courts do not sanction negligence or laches, they have not hesitated to afford relief against such judgments regardless of any issue of inattention or neglect. Thus, the article is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable.
Conduct which prevents an opposing party from having an opportunity to appear or to assert a defense constitutes a deprivation of his legal rights. Thus, when a party fails to defend a suit because of the failure of the opposing party to warn him that a default would be taken, this judgment may be annulled when the parties had an agreement to give notice of any action taken on the suit, or the defaulted party relied on facts which he reasonably believed created such an agreement, and the enforcement of the judgment would be unconscionable and inequitable. (Citations omitted)
Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1070 (La.1983).
Therefore, the issue is whether the facts show that the parties had an agreement to give notice of any action taken on the suit, or that the defendant relied on facts which he reasonably believed created such an agreement. Whether or not the plaintiff made an agreement with Mr. Aaron or misled him is a question of fact and in the absence of manifest error the trial court’s findings will not be disturbed. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The testimony of Mr. Forman and Mr. Aaron was conflicting as to what the parties agreed upon. Mr. Forman stated that on November 7, 1986 (the day of the summary judgment hearing) Mr. Aaron told him that he would have Joe Belew’s answer filed within five days. Mr. Forman claims that he waited six days before confirming the default however, he admits that he did not inform Mr. Aaron that a preliminary default was filed on November 7th. Mr. Aaron testified, in pertinent part, as follows:
I would like to state, your honor, that at no time was there ever given any indication that I needed to file an answer in these proceedings. At no timé did I tell Mr. Forman I would file an answer in these proceedings. That specifically on November 7, 1987 when I had finally gotten the other two defendants out of the proceeding who were brought in solely for Mr. Forman to be able to use this jurisdiction, I told Mr. Forman that I would have to contact my client who was out of state and see if he wanted to go ahead and join the issue, or if he wanted me to file an exception as to venue as this was brought in the improper jurisdiction.
The trial judge apparently accepted Mr. Aaron’s version of the facts and found that he was reasonable in believing no default judgment would be taken. We cannot say that the trial court’s decision in this regard was clearly wrong.
Based on the above reasons, the judgment of the trial court is affirmed, all costs to be borne by the appellant.
AFFIRMED.