liGOTHARD, Judge.
12Plaintiff, Shirley Lebreton Russell, appeals a judgment of the trial court granting a petition to annul a default judgment confirmed against defendants Mary Rosa Prieto Defraites and Emanuel G. Defraites. For the following reasons, we reverse.
This action began on June 18, 1990 with the filing of a petitory action and petition for declaratory judgment filed by Ms. Russell against the Illinois Central Gulf Railroad Company (Illinois), and Mr. and Mrs. De-fraites. The petition asserts that Illinois participated in an Act of Sale on December 14, 1982 wherein it sold a parcel of property located in Jefferson Parish, Louisiana to Mr. & Mrs. Defraites. Ms. Russell claimed that she was the sole owner of a portion of the property included in that Act of Sale. She asserts that she acquired the property through a judgment of possession in her mother’s succession and by quit claim deed in 1988.
|8Mr. & Mrs. Defraites were represented by their daughter, Judith Defraites, an attorney. On behalf of her parents, Ms. Defraites filed a motion for extension of time in which to plead on June 29, 1990. The motion was granted and she was given until August 4, 1990 to respond to the petition. On August 7, 1990 a dilatory exception of vagueness, accompanied by a memorandum in support thereof, was filed. Erie Person, counsel for Ms. Russell, filed motions for preliminary default against both Emanuel Defraites and Illinois on August 8,1990, both of which were granted. Illinois filed an answer on August 22, 1990. Mr. and Mrs. Defraites did not. Ms. Judith Defraites testified that she prepared an answer, but inadvertently failed to file it in the court record.
The exception of vagueness was heard on March 22, 1991 after which a consent judgment was reached. Ms. Russell was granted thirty days to amend her petition and the Defraites were granted an additional thirty days from the filing of the amended petition to answer. That judgment was rendered on March 22, 1991 but not signed until April 22, 1991. In the interim on April 19,1991, plaintiff filed an amended petition.
On September 11, 1991 counsel filed a third motion for preliminary default apparently against all defendants.[1] Subsequently, on September 24, 1991, a fourth motion for preliminary default against Mr. and Mrs. Defraites was filed. Both motions were granted by the trial court. The default judgment taken against Mr. & Mrs. Defraites was confirmed on October 17,1991.
On December 6, 1993 the trial court conducted a hearing on the exception of vagueness filed by Illinois approximately two and a half years previously. The |4exception was maintained and plaintiff was again granted additional time to amend the petition. A second amended petition was filed by plaintiff on January 10,1994.
On January 14, 1994, Illinois filed an answer to the second amended petition. Later, Judith Defraites requested a courtesy copy of the answer and was informed by counsel for Illinois that a default judgment had been taken against her clients/parents several years before.
Ms. Defraites filed a petition to annul the judgment on November 29, 1994, alleging ill practices and that enforcement of the default judgment would be unconscionable and inequitable since it deprives the defendants of legal rights. After a trial on the merits, the *774 trial court rendered judgment in favor of Mr. and Mrs. Defraites annulling the default judgment confirmed on October 17, 1991. Ms. Russell takes this appeal from that judgment.
On appeal, in five assignments of error, Ms. Russell argues the facts of this case do not support the action for nullity. Ms. Russell specifically takes issue with the trial court’s finding that failure to notify Ms. De-fraites before taking a default was a violation of local custom and grounds for the action for nullity. Further, Ms. Russell argues that the action for nullity was untimely filed.
LSA-C.C.P. art. 2004 provides that a final judgment obtained by fraud or ill practices may be annulled, and that such an action may be brought within one year of the discovery of the fraud or ill practices. Accordingly, a petition to annul must be filed within one year of the discovery. In the instant case there is testimony that counsel for the party cast in judgment received no notice of the confirmation of the default. Mr. Person testified that he personally hand delivered the judgment to Ms. Defraites’ office on October 18,1991 along with a cover letter. However, he maintains he can no longer locate a copy of the cover letter. It is clear from the ^reasons for judgment, that the trial court found Ms. Judith Defraites’ testimony more credible on this issue. Ms. De-fraites does admit to receiving a letter dated November 30,1994 from Erie Person asserting that no trespassing signs would be posted on the property now that plaintiff “was declared the legal owner of the property”. Although it was not introduced into evidence, it is apparent from the record that the letter gave Ms. Defraites reasonable notice that a default judgment, adverse to her parents/clients position, had been obtained. Since she filed this action within one year of receipt of that letter, on November 29, 1994, we find the petition to be timely filed.
The petitioner in an action for nullity must first prove the circumstances under which the judgment was rendered shows a deprivation of the legal rights of the litigant who seeks relief and, secondly, that the enforcement of the judgment would be unconscionable and inequitable. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983); Clulee v. Louisiana Materials Co., Inc., 590 So.2d 780 (La.App. 5 Cir.1991), writ denied, 594 So.2d 1323 (La.1992). An action to annul based on article 2004 is not limited to actual fraud or intentional wrongdoing. It encompasses those situations where judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right. Kem Search, Inc., supra; Clulee v. Louisiana Materials Co., Inc. The trial court is permitted discretion in deciding when a judgment should be annulled because of fraud or ill practice. Kem Search, Inc. v. Sheffield, supra.
Mr. and Mrs. Defraites argue that Mr. Person’s actions in this matter violate local customs in that he failed to notify opposing counsel before taking a default. Counsel for the Defraites requests this court to rule that such an action is inappropriate and sufficient grounds for nullifying the default judgment.
| f,Mr. Person argues that there is no provision in the Code of Civil Procedure which requires a party to notify opposing counsel of the intent to take a default judgment. We agree. See, LSA C.C.P. art. 1702 et seq. Absent an agreement, express or implied, by the plaintiffs attorney to first notify the defendant’s attorney confirming a default without prior notice to opposing counsel is not an ill practice. Allstate Insurance Co. v. Toups, 486 So.2d 304 (La.App. 3rd Cir.1986), writ denied, 489 So.2d 917 (La.1986); Palombo v. Palombo, 94-95 (La.App. 3rd Cir. 10/5/94), 643 So.2d 445. Local custom may not operate to amend the Code of Civil Procedure or abrogate legislation. LSA-C.C. art. 3; Horil v. Scheinhom, 95-0967 (La.11/27/95), 663 So.2d 697.
In the instant ease, no answer was filed by Defraites. Plaintiff confirmed a default judgment in accordance with the Code of Civil Procedure. Given the above cited law and jurisprudence, we find the trial court erred in granting the petition to annul the default judgment. Consequently, we reverse that judgment.
REVERSED.

. The motion is on a pre-printed form used frequently in the 24th Judicial District which includes a blank space in which the defendant’s name is usually typed. That space remains blank in this form.