4 So.3d 872 (2008)
Marlo LANDRY and Terry Landry
v.
Robert BOISSENIN and Federated Mutual Insurance Company.
No. 2008 CA 1240.
Court of Appeal of Louisiana, First Circuit.
December 23, 2008.
Lynn E. Williams, Baton Rouge, Louisiana, for Plaintiffs/Appellees, Mario Landry and Terry Landry.
Steven C. Judice, Baton Rouge, Louisiana, for Defendant/Appellant, Federated Mutual Insurance Company.
Before KUHN, GUIDRY, and GAIDRY, JJ.
GAIDRY, J.
In this case, an insurer appeals a default judgment rendered against it. For the following reasons, we reverse.

*873 FACTS AND PROCEDURAL HISTORY
This suit arises from an automobile accident which occurred on December 10, 2002, in which the plaintiffs, Mario Landry and Terry Landry, were rear-ended by an eighteen-wheeler driven by the defendant, Robert Boissenin. A petition for damages was filed on October 24, 2007[1] against Boissenin and his insurer, Federated Mutual Insurance Company ("Federated"). The plaintiffs only requested service of their petition on Federated.[2]
On November 27, 2007, the plaintiffs filed a motion for a default judgment against Federated, alleging that Federated had been served on November 8, 2007 and had not yet filed an answer. The preliminary default was granted on November 28, 2007, and on December 3, 2007, a hearing was held on the confirmation of the default. After hearing the testimony of the plaintiffs, the court confirmed the default judgment and rendered judgment in favor of the plaintiffs for their damages in the amounts of $27,358.87 to Mario Landry and $28,945.57 to Terry Landry, plus interest.
Federated has appealed, raising the following assignments of error:
1. The judgment was rendered in a court of improper venue.
2. The suit against the insurer alone was improper under the direct action statute because the plaintiffs did not request service on the insured.
3. The plaintiffs failed to carry their burden of proof at the confirmation hearing because they did not introduce the insurance policy into evidence.
4. The court erred in awarding damages for injuries which were not documented in the record.

DISCUSSION
If a defendant fails to answer within the time provided by law, judgment by default may be entered against him. La. C.C.P. art. 1701(A). A default judgment must be confirmed by proof of the demand sufficient to establish a prima facie case. La. C.C.P. art. 1702(A). In other words, the plaintiffs must present competent evidence which convinces the court that it is more probable than not that they would prevail at a trial on the merits. Brasseaux v. Allstate Ins. Co., 97-0526, pp. 3-4 (La. App. 1 Cir. 4/8/98), 710 So.2d 826, 828.
In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment. Id. The trial court's conclusion regarding the sufficiency of the evidence is a factual issue governed by the manifest error standard of review. The manifest error standard requires that an appellate court give great deference to the trial court's findings of fact. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
Although the plaintiffs allege in their petition that Boissenin was insured under a policy issued by Federated at the time of the accident, they offered no proof of coverage. The insurance policy allegedly issued by Federated is the foundation for this cause of action, and introduction of the policy is required in order to establish the prima facie case necessary to obtain a valid default judgment. Nelson v. Merrick, 06-2381, p. 3 (La.App. 1 Cir. *874 9/19/07), 970 So.2d 1019, 1021. A jurisprudential exception to the rule that introduction of an insurance policy is required for a prima facie case exists when the plaintiff requests admissions of contractual coverage or production of the policy and the defendant fails to comply. Nelson, 06-2318, p. 4, 970 So.2d at 1021. The Landrys neither introduced the policy, nor filed a request for admissions. Thus, the trial court erred in granting judgment in favor of the plaintiffs against Federated.
Because this conclusion necessitates a reversal of the trial court judgment against Federated, we need not address the remaining assignments of error.

DECREE
The default judgment rendered by the trial court against Federated is reversed. Costs of this appeal are assessed to plaintiffs, Mario and Terry Landry.
REVERSED.
KUHN, J., Concurs & Assigns Reasons.
KUHN, J., concurring.
I agree with the majority that the record does not contain sufficient evidence to support the confirmation of the default judgment. Plaintiffs' attorney stated that he did not want to formally introduce the medical records and bills into evidence because he did not have copies for the court. Although the trial court was apparently able to review these items, on appeal we are unable to do so. Moreover, the record is devoid of any narratives, affidavits, or testimony of the treating physicians that related the injuries each plaintiff sustained to the December 2002 accident, and nothing in the transcript suggests plaintiffs offered such evidence or that the trial court relied upon it in its confirmation of the default judgment. See La. C.C.P. art. 1702 D; see also Meshell v. Russell, 589 So.2d 86, 88-89 (La.App. 2d Cir.1991) (noting a lack of competent evidence to support confirmation of default judgment in a personal injury accident where the record did not include a narrative report of treating physician or his testimony or proof that expenses were medically necessary). Accordingly, I agree that there is insufficient evidence to support the judgment and, therefore, concur in the majority's reversal.
NOTES
[1] The petition stated that an earlier suit involving the same accident had been dismissed without prejudice for plaintiffs' failure to serve the defendants.
[2] There is no evidence in the record of when service was made on Federated, but as the defendant has not raised this issue, we will not address it.