## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2018 CA 1482

SHAWN ALBE

VERSUS

LUIS S. CHAVIRA, JAMES P. DUFFOURC, SHAWN P. MITCHELL, ERLINDA A. BIERRIA, GEICO, THE GENERAL INSURANCE COMPANY, STATE FARM MUTUAL INSURANCE COMPANY

*DATE OF JUDGMENT:*   JUL 1 8 2019

ON APPEAL FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT
NUMBER 2016-12019, DIVISION J, PARISH OF ST. TAMMANY
STATE OF LOUISIANA

HONORABLE WILLIAM J. KNIGHT, JUDGE

* * * * * *

Charles N. Branton
Covington, Louisiana

Stephen Robert Barry
Kathleen Crowe Marksbury
New Orleans, Louisiana

Counsel for Plaintiff-Appellee
Shawn Albe

Counsel for Defendants-Appellants
GEICO [Government Employees
Insurance Company] General
Insurance Company and GEICO
Casualty Company

* * * * * *

BEFORE: WELCH, CHUTZ, AND LANIER, JJ.

**Disposition: AFFIRMED.**

**CHUTZ, J.**

In this personal injury suit, defendant-appellant, GEICO[1] Casualty Company (GEICO), appeals a default judgment rendered in favor of plaintiff-appellee, Shawn Albe, against defendant, Luis Chavira, as well as the denial of GEICO's motion for new trial. For the following reasons, we affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

During March 2016, plaintiff was involved in two motor vehicle accidents. The first accident occurred on March 1. According to plaintiff, as he was driving across a bridge on old Highway 90 near the outskirts of Slidell, he saw a truck in the westbound lane facing in the wrong direction. When the driver of the truck, Luis S. Chavira, waved for plaintiff to pass, he did so. Plaintiff testified that after he went a short distance, "[h]e [Chavira] flies up on the side of me and then proceeds to go in front of my vehicle." As plaintiff started slowing down, he saw the truck's brake lights come on, and Chavira began backing the truck toward plaintiff's vehicle. Despite plaintiff's attempts to avoid a collision, the truck driven by Chavira struck the right, front corner of plaintiff's vehicle. According to plaintiff, Chavira was uninsured/underinsured.

The state trooper who investigated the accident believed Chavira was impaired by alcohol and placed him under arrest. Chavira was charged with driving while intoxicated (DWI), careless operation, and driving with a suspended license. He later pled guilty to the DWI charge.

On March 28, plaintiff was involved in the second motor vehicle accident. He alleges he was stopped in traffic when his vehicle was rear-ended by a vehicle driven by Erlinda Bierria. According to plaintiff, GEICO was Bierria's liability carrier.

---

[1] Government Employees Insurance Company.

2

On May 19, 2016, plaintiff filed a personal injury suit naming several defendants, including Chavira and Bierria.[2] Plaintiff later amended the petition to add GEICO as an additional defendant, both in its capacity as Bierria's liability insurer and in its capacity as plaintiff's own uninsured/underinsured insurance carrier. Although Chavira was served with plaintiff's petition on May 31, 2016, he failed to file an answer. A preliminary default was entered against Chavira on July 13, 2016, upon motion of plaintiff. Although La. C.C.P. art. 1702(A) allowed plaintiff to confirm the preliminary default after two days, plaintiff did not do so at that time.

At a status conference held on August 15, 2017, the district court concluded "the case was not in a procedural posture to set for trial." Shortly thereafter, the court signed a scheduling order stating it would "entertain a motion to set the case for trial on or after July 16, 2018." On February 9, 2018, plaintiff's counsel confirmed the preliminary default taken against Chavira at a hearing held before the district court. On February 27, 2018, the district court signed a default judgment finding Chavira liable to plaintiff for $126,193.49 in general and special damages, as well as $100,000.00 in exemplary damages, plus judicial interest and costs.

GEICO filed a timely motion for new trial from the default judgment, alleging the judgment should be vacated or, alternatively, amended. The grounds asserted for the motion were that plaintiff: (1) violated the district court's order regarding the earliest date the case could be set for trial (*i.e.*, July 16, 2018); and (2) failed to provide advance notice to GEICO of the hearing to confirm the preliminary default. Following a hearing, the district court denied GEICO's

---

[2] Subsequently, plaintiff settled his claims against Ms. Bierria and filed a motion and order to dismiss his claims against Ms. Bierria and GEICO, in its capacity as Ms. Bierria's liability insurer. The district court signed the order of dismissal on September 27, 2017.

motion for new trial. GEICO now appeals the default judgment and the denial of the motion for new trial taken from that judgment.

## APPLICABLE LAW

*Default Judgment*:

If a defendant fails to answer a petition within the time provided by law, judgment by default may be entered against him. La. C.C.P. art. 1701(A); *Arias v. Stolthaven New Orleans, LLC*, 08-1111 (La. 5/5/09), 9 So.3d 815, 819. Thereafter, the preliminary default may be confirmed after two days, exclusive of holidays, from the entry of the preliminary default, *i.e.*, on the third "judicial day" after the entry of the preliminary default. La. C.C.P. art. 1702(A); *Arias*, 9 So.3d at 819.

Confirmation of a preliminary default is similar to a trial at which the defendant is absent and requires proof of the demand sufficient to establish a *prima facie* case. La. C.C.P. art. 1702(A); *Arias*, 9 So.3d at 820; *NorthShore Regional Medical Center, L.L.C. v. Dill*, 12-0850 (La. App. 1st Cir. 3/22/13), 115 So.3d 475, 480, writ denied, 13-0866 (La. 5/31/13), 118 So.3d 396. The elements of the *prima facie* case must be established with competent evidence as fully as though each of the allegations in the petition had been denied by the defendant. In other words, the plaintiff must present competent evidence that convinces the court that it is more probable than not that the plaintiff would prevail at a trial on the merits. *Arias*, 9 So.3d at 820; *Landry v. Boissenin*, 08-1240 (La. App. 1st Cir. 12/23/08), 4 So.3d 872, 873. In confirming the preliminary default, the plaintiff must prove both the existence and validity of his claim. There is a presumption that a default judgment is supported by sufficient evidence, but the presumption may be rebutted by the record upon which the judgment is rendered. *Arias*, 9 So.3d at 820.

In reviewing default judgments, an appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment.

4

The district court's conclusion regarding the sufficiency of the evidence is a factual issue governed by the manifest error standard of review, which requires that great deference be given to the district court's findings of fact. *Arias*, 9 So.3d at 818; *Landry*, 4 So.3d at 873.

*Motion for New Trial*:

Louisiana Code of Civil Procedure article 1972, which provides the peremptory grounds for new trial, provides that a new trial **shall** be granted, upon contradictory motion, where "the verdict or judgment appears clearly contrary to the law and evidence." *Wood v. Humphries*, 11-2161 (La. App. 1st Cir. 10/9/12), 103 So.3d 1105, 1116, writ denied, 12-2712 (La. 2/22/13), 108 So.3d 769. A motion for new trial based on the ground of being contrary to the evidence is directed at the accuracy of the factfinder's factual determinations and must be viewed in that light. Therefore, the judgment should not be set aside if it is supported by any fair interpretation of the evidence. See *Davis v. Wal-Mart Stores, Inc.*, 00-0445 (La. 11/28/00), 774 So.2d 84, 93; *Wood*, 103 So.3d at 1117.

Under La. C.C.P. art. 1973, a new trial **may** be granted in any case where there is "good ground therefor." Thus, when the district court is convinced from its examination of the facts that the judgment would result in a miscarriage of justice, a new trial should be ordered. *Bates v. Legion Indemnity Company*, 01-0552 (La. App. 1st Cir. 2/27/02), 818 So.2d 176, 179-80.

In a case involving a motion for new trial taken from a default judgment, the district court should be mindful of public policy considerations, which weigh in the defendant's favor, dictating that every litigant should be allowed his day in court. The district court has wide discretion in determining whether to grant a motion for new trial, whether on peremptory or discretionary grounds. The court's ruling will be set aside only in a case of manifest abuse of discretion. *Bates*, 818 So.2d at 180; Official Revision Comment (d) to La. C.C.P. art. 1971.

5

## DISCUSSION

In a single assignment of error, GEICO argues the district court erred both in confirming the preliminary default against Chavira and in denying GEICO's motion for new trial. Alternatively, GEICO asks this court to amend the default judgment to state that the findings on liability and damages contained in the judgment are not binding on GEICO and are not dispositive of the issue of plaintiff's entitlement to uninsured/underinsured motorist coverage.

*Confirmation of Preliminary Default*:

GEICO contends the confirmation of the preliminary default on February 9, 2018, violated the district court's scheduling order indicating no motion to set the case for trial would be entertained prior to July 16, 2018. GEICO further argues the default judgment is improper because plaintiff gave no advance notice to GEICO of the hearing to confirm the preliminary default. We find no merit in these contentions.

Initially, we note that the district court that confirmed the preliminary default was the same court that issued the scheduling order. The district court was in the best position to interpret its own order and whether plaintiff violated the court's order. The fact that the court conducted a hearing to confirm the preliminary default on February 9, 2018, demonstrates it did not consider plaintiff's confirmation of the preliminary default prior to July 16, 2018, to be a violation of the scheduling order.

In arguing the confirmation of the preliminary default before July 16, 2018, violated the scheduling order, GEICO relies on jurisprudence stating that confirmation of a preliminary default is "similar" to a trial. GEICO asserts the scheduling order, therefore, applied to the confirmation of the preliminary default.

GEICO is correct in asserting there is Louisiana jurisprudence stating confirmation of a preliminary default is *similar* to a trial. See *Arias*, 9 So.3d at

6

820; *NorthShore Regional Medical Center, L.L.C.*, 115 So.3d at 480. Nevertheless, we are aware of no jurisprudence, and GEICO has cited none, holding that confirmation of a preliminary default should be treated the same as a trial. In fact, in recognition of the distinction between the confirmation of a preliminary default and a trial, Official Revision Comment (e) to La. C.C.P. arts. 1571 and 1572, which deals with the assignment for and notice of cases for trial, states:

> The minimum standards required by these articles are not applicable to summary cases. **Neither are they applicable to default cases, although a confirmation of a default is, in a sense, a "trial."** In this connection it is to be noted that the case cannot be set for trial prior to answer filed. [Bolding added; citations omitted.]

Thus, it is clear that the rules relevant to setting cases for trial do not apply to confirmations of preliminary defaults.[3] By logical extension, the same is also true as to the scheduling order issued by the district court delineating the earliest date on which the court would consider a motion to set the case for trial. The court's scheduling order did not apply to the confirmation of the preliminary default by plaintiff.

Another consequence of the distinction between a trial and the confirmation of a preliminary default is that, unlike with a trial, GEICO has not shown it was entitled to receive advance notice of the confirmation of the preliminary default. See *Forman v. Belew*, 536 So.2d 821, 822-23 (La. App. 1st Cir. 1988); *Newfield v. Gruber*, 457 So.2d 1203, 1204 (La. App. 1st Cir. 1984); *Dismuke v. Quaynor*, 25482 (La. App. 2d Cir. 4/5/94), 637 So.2d 555, 563, writ denied, 94-1183 (La. 7/1/94), 639 So.2d 1164 (these cases stand for the proposition that confirming a preliminary default without prior notice to opposing counsel is not an ill practice under La. C.C.P. art. 2004 unless plaintiff's counsel agreed to give his opponent

---

[3] A further indication of the distinction between the confirmation of a preliminary default and a trial is the statutory framework that prohibits an ordinary proceeding from being set for trial prior to answer, whereas the confirmation of a preliminary default necessarily must occur prior to answer. See La. C.C.P. arts. 1571(A)(2) and 1702(A).

notice before confirming the preliminary default or led him to believe notice would be given by pretending to negotiate a settlement). We know of no statutory requirement that advance notice of the confirmation of a preliminary default be given to opposing counsel. As noted above, Article 1571(A)(1)(a), which requires that all parties be given adequate notice of trial, does not apply to default proceedings. *Dismuke*, 637 So.2d at 562-63; Official Revision Comment (e) to La. C.C.P. arts. 1571 and 1572.

A plaintiff is required to give advance notice to opposing counsel prior to confirming a preliminary default only when plaintiff's counsel agreed to give notice before confirming a default judgment or led opposing counsel to believe notice will be given by pretending to negotiate a settlement. See *Forman*, 536 So.2d at 822-23; *Newfield*, 457 So.2d at 1204. In the instant case, the record is devoid of any evidence of any such agreement or circumstances. We note that at a hearing on unrelated motions held approximately two months before the confirmation, plaintiff's counsel stated his intention to confirm the preliminary default against Chavira "in the near future." There is no indication GEICO's counsel made any attempt at that time to request advance notice of the confirmation from plaintiff's counsel.

Finally, GEICO argues the default judgment is contrary to the evidence in this case. In particular, GEICO contends there is evidence that plaintiff's injuries pre-existed the March 2016 accidents, plaintiff was involved in multiple accidents prior to the March 2016 accidents, plaintiff was a long-time drug abuser and had tested positive for heroin only four months before the March 2016 accidents, and plaintiff's subsequent drug rehabilitation resulted from a criminal guilty plea rather than the March 2016 accidents.

To establish the *prima facie* case necessary for confirmation of the preliminary default, plaintiff was required to present competent evidence

establishing it was more probable than not that he would prevail at a trial on the merits in establishing Chavira was solely at fault in causing the March 1, 2016 accident and plaintiff was injured as a result. See *Arias*, 9 So.3d at 820; *Landry*, 4 So.3d at 873. In confirming the preliminary default, plaintiff was not obligated to disclose defenses the opposing party potentially could have raised had he made an appearance. See *Alleman v. Guillot*, 225 So.2d 607, 612 (La. App. 1st Cir.), writ refused, 254 La. 858, 227 So.2d 596 (1969). Moreover, in reviewing the default judgment, this court is restricted to determining *the sufficiency of the evidence offered in support of the judgment* under the manifest error standard of review. *Arias*, 9 So.3d at 818; *Landry*, 4 So.3d at 873.

At the confirmation hearing, plaintiff gave testimony describing how he was injured when Chavira passed him on the highway, then stopped and backed his vehicle into plaintiff's vehicle. Plaintiff also testified about the specific injuries he suffered and the effects those injuries had on his life, including his inability to work for an extended period. Plaintiff further testified that as a result of the pain he suffered due to the March 1, 2016 accident, he relapsed and again became dependent on pain medications, leading to his inpatient treatment at a drug rehabilitation facility.

In further support of his claims, plaintiff presented the deposition of the state trooper who investigated the March 1, 2016 accident. The state trooper deposed that he had "[n]o doubt at all" that Chavira was impaired due to alcohol and that Chavira's impairment was the cause of the accident. The trooper placed Chavira under arrest at the accident scene, and Chavira subsequently pled guilty to a DWI charge.

Additionally, plaintiff presented the sworn medical narrative report of his treating physician, who noted during a March 24, 2016 visit (prior to the second accident) that plaintiff had sustained injuries to his neck, back, left knee, and right

forearm and was experiencing concussive symptoms. The physician opined that plaintiff's injuries were related to the March 1, 2016 accident, and he provided an estimate of plaintiff's future medical expenses. Plaintiff also introduced certified medical records and bills supporting his claims, as well as an estimate of the property damage to his vehicle, which was accompanied by an affidavit of the person who prepared the estimate.

Based on plaintiff's testimony, the deposition testimony of the investigating officer, and Chavira's DWI guilty plea, the district court concluded Chavira was solely at fault in causing the March 1, 2016 accident due to his intoxication. The district court further concluded the March 1, 2016 accident exacerbated plaintiff's pre-existing injuries, which had resulted from prior, non-related accidents.

In awarding damages, the district court reviewed plaintiff's certified medical records and the sworn medical narrative report of his treating physician. Plaintiff requested damages totaling $612,500.00, including $250,000.00 in exemplary damages pursuant to La. C.C. art. 2315.4. Instead, the district court awarded plaintiff a total of $126,193.49 in general and special damages, plus $100,000 in exemplary damages due to Chavira's intoxication. The general and special damages consisted of: $50,000.00 for general damages; $25,000.00 for past lost wages; $25,000.00 for future loss of earning capacity; $25,000.00 for in-patient drug rehabilitation; and $1,193.49 for property damage. The district court rejected plaintiff's claim for future medical expenses, finding them to be too speculative.

After a thorough review, we find no manifest error in the district court's factual conclusions regarding the March 1, 2016 accident and plaintiff's resulting injuries. The evidence presented by plaintiff was sufficient to establish a *prima facie* case both as to the existence and validity of plaintiff's claims. Considering the evidence presented, we also find no abuse of discretion in the damages awarded by the district court.

*Motion for New Trial*:

Initially, we observe that the grounds on which GEICO argued it was entitled to a new trial are the same grounds on which GEICO argued the district court erred in confirming the preliminary default. Specifically, in its motion for new trial, GEICO contended the default judgment was clearly contrary to the law and the evidence (a peremptory ground under La. C.C.P. art. 1972(1)). GEICO further argued there was a "good ground" for a new trial (a discretionary ground under La. C.C.P. art. 1973) because plaintiff violated the district court's scheduling order and failed to give advance notice of the confirmation to GEICO's counsel.

GEICO's motion for new trial based on the default judgment being contrary to the evidence challenges the district court's factual findings. See *Davis*, 774 So.2d at 93; *Wood*, 103 So.3d at 1117. Since we have previously found the district court's factual findings were not manifestly erroneous, a new trial was not warranted on this basis. Similarly, GEICO did not establish a "good ground" for a new trial under La. C.C.P. art. 1973 since we have concluded plaintiff did not violate the district court's scheduling order and was not required to give GEICO advance notice of the hearing to confirm the preliminary default under the facts present. Accordingly, the denial of GEICO's motion for new trial did not constitute an abuse of the district court's wide discretion.

## AMENDMENT OF DEFAULT JUDGMENT

Finally, we reject GEICO's alternative request that the default judgment be amended to state it does not apply to GEICO. There is no need for such an amendment since the default judgment was rendered against Chavira, not GEICO. At its own trial, GEICO will have the opportunity to fully litigate the issues of liability, insurance coverage, and damages. See *Lafayette Insurance Company v. C.E. Albert Construction Co., Inc.*, 98-1831 (La. App. 4th Cir. 3/31/99), 731

11

So.2d 968, 972; *Dismuke*, 637 So.2d at 563. Therefore, no purpose would be served by this court amending the default judgment.

## CONCLUSION

For the above reasons, we affirm the February 27, 2018 default judgment rendered by the district court, as well as the denial of the motion for new trial filed by GEICO with respect to the default judgment. All costs of this appeal are assessed to GEICO.

**AFFIRMED.**